IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN DEL RIO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-cv-552-RJD |
| VILLAGE OF CASEYVILLE, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Juan Del Rio, as father and next fried of Oscar Del Rio, a minor, brings this action alleging violations of his constitutional rights under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213. Plaintiff's allegations relate to his arrest that occurred on March 18, 2018. Plaintiff's nine-count complaint sets forth claims against the Village of Caseyville, Frank Moore, Matthew Sinnokrak, and Andrew Shuler.

Now before the Court is the Motion to Dismiss pursuant to Rule 12(b)(6) and Motion to Strike pursuant to Rule 12(f) brought pursuant to Rule 12(g)(1) filed by Defendants Village of Caseyville, Matthew Sinnokrak, and Andrew Shuler (Doc. 13). In their motion, Defendants seek to strike Plaintiff's prayer for punitive damages in Counts VII and VIII, and dismiss Defendants Sinnokrak and Shuler from Count IX. Plaintiff concedes there is precedential authority to support Defendants' motion and indicates he does not oppose the limited and specific requests set forth in the motion.

Plaintiff sets forth a *Monell* policy and practice claim against the Village of Caseyville in Count VII and sets forth an ADA claim against the Village in Count VIII. Plaintiff alleges he is

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| JUAN DEL RIO, | ) |
| Plaintiff, | ) |
| v. | ) Case No. 19-cv-552-RJD |
| VILLAGE OF CASEYVILLE, et al., | ) |
| Defendants. | ) |

**ORDER**

**DALY, Magistrate Judge:**

Plaintiff Juan Del Rio, as father and next fried of Oscar Del Rio, a minor, brings this action alleging violations of his constitutional rights under 42 U.S.C. § 1983 and the Americans with Disabilities Act, 42 U.S.C. §§ 12101-213. Plaintiff's allegations relate to his arrest that occurred on March 18, 2018. Plaintiff's nine-count complaint sets forth claims against the Village of Caseyville, Frank Moore, Matthew Sinnokrak, and Andrew Shuler.

Now before the Court is the Motion to Dismiss pursuant to Rule 12(b)(6) and Motion to Strike pursuant to Rule 12(f) brought pursuant to Rule 12(g)(1) filed by Defendants Village of Caseyville, Matthew Sinnokrak, and Andrew Shuler (Doc. 13). In their motion, Defendants seek to strike Plaintiff's prayer for punitive damages in Counts VII and VIII, and dismiss Defendants Sinnokrak and Shuler from Count IX. Plaintiff concedes there is precedential authority to support Defendants' motion and indicates he does not oppose the limited and specific requests set forth in the motion.

Plaintiff sets forth a *Monell* policy and practice claim against the Village of Caseyville in Count VII and sets forth an ADA claim against the Village in Count VIII. Plaintiff alleges he is

entitled to punitive damages on both Counts VII and VIII. With regard to Count VII, Defendants assert a municipality is immune from punitive damages for claims brought pursuant to 42 U.S.C. § 1983, citing *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981). Plaintiff concedes this proposition (while noting disagreement with the reasoning), and the Court finds no authority undermining the same. Indeed, the Seventh Circuit Court of Appeals recognized *Newport* in *Robinson v. City of Harvey, Ill.*, wherein the Court reiterated that municipalities are not subject to punitive damages in suits under 42 U.S.C. § 1983. 617 F.3d 915, 916 (7th Cir. 2010). Similarly, with regard to Count VIII, the Supreme Court has clearly indicated municipalities are immune from punitive damages for claims brought under the ADA. *Barnes v. Gorman*, 536 U.S. 181, 189 (2002) ("Because punitive damages may not be awarded in private suits brought under Title VI of the 1964 Civil Rights Act, it follows that they may not be awarded in suits brought under § 202 of the ADA and § 504 of the Rehabilitation Act."). Accordingly, Defendants' request to strike Plaintiff's prayer for punitive damages in Counts VII and VIII is **GRANTED**. Plaintiff's requests for punitive damages in Counts VII and VIII are **STRICKEN** pursuant to Federal Rule of Civil Procedure 12(f).

Next, the Court considers Defendants' request to dismiss Count IX of Plaintiff's complaint in which he sets forth a claim under the ADA against Defendants Sinnokrak and Shuler in their individual and official capacities.

Rule 12(b)(6) of the Federal Rules of Civil Procedure provides for dismissal if a complaint fails to state a claim upon which relief can be granted. In considering a motion to dismiss, the Court accepts as true all well-pleaded allegations in the complaint and draws all possible inferences in favor of the plaintiff. *See Killingsworth v. HSBC Bank Nevada, N.A.*, 507 F.3d 614, 618 (7th Cir. 2007) (quotations omitted). Based on the plain language of 42 U.S.C. § 12132,

ADA claims must be brought against a governmental (i.e., public) entity. Defendants Sinnokrak and Shuler are clearly not public entities and the proper Defendant, the Village of Caseyville, is named in Count VIII. Accordingly, Defendant's motion to dismiss Count IX is **GRANTED**.

**IT IS SO ORDERED.**

**DATED: December 19, 2019**

*s/ Reona J. Daly*
**Hon. Reona J. Daly**
**United States Magistrate Judge**